# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTIAN R. AGUIRRE-HODGE,

            Plaintiff,

  v.

RANDALL R. HEPP, JOHN J. MAGGIONCALDA, CATHY JESS, MARK SCHOMISCH, and
CANDACE WHITMAN,

            Defendants.

ORDER

18-cv-994-jdp

Plaintiff Christian R. Aguirre-Hodge, appearing pro se, is currently an inmate at New Lisbon Correctional Institution. Aguirre-Hodge alleges that

when he was incarcerated at Fox Lake Correctional Institution (FLCI), prison officials subjected him to unsafe drinking water even though he suffers from high blood pressure that makes him more susceptible to injury from contaminants. I granted Aguirre-Hodge leave to proceed on claims under the Eighth Amendment and Wisconsin negligence law and stayed those claims pending developments in *Stapleton v. Carr*, No. 16-cv-406-jdp, a multi-plaintiff lawsuit about the FLCI water in which the court recruited counsel and appointed water-quality and medical/toxicology experts.

In the *Stapleton* case, I ultimately granted summary judgment to defendants on plaintiffs' claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. 438 F. Supp. 3d 925 (W.D. Wis. Feb. 7, 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water problems at FLCI, but that instead, they had attempted to remediate the lead and copper in the water. *Id.* at 939.

The *Stapleton* decision did not resolve claims that individual prisoners received inadequate medical care for problems caused by contaminated

water. *Id.* at 942. After the court-appointed water and toxicology expert received medical records from both consolidated and uncoordinated plaintiffs and issued his report, I granted court-recruited counsel's motion to withdraw from the *Stapleton* case and I lifted the stay in each FLCI water case. I directed each plaintiff to submit an amended complaint limited to the plaintiff's medical care claims. Dkt. 30.

Aguirre-Hodge has not filed an amended complaint, but he has filed two motions for the court's assistance in recruiting counsel. Dkt. 26 and Dkt. 32. He explains that his ongoing vision

4

problems greatly hamper his reading and writing abilities. In his other pending case in this court, No. 18-cv-995-jdp, I've explained accommodations that should allow Aguirre-Hodge to represent himself competently: all filings and orders will be posted in 20-point type, and if possible I will resolve motions through hearings rather than briefing. If a motion requires a brief from Aguirre-Hodge, he may request extensions to his deadlines as needed.

Aguirre-Hodge's current task in this lawsuit is to prepare an amended complaint containing allegations supporting medical care claims. Given the filings he has submitted in both of his cases thus

5

far, this should be a task that Aguirre-Hodge can complete despite his medical condition. So I will deny his motion for assistance in recruiting counsel for now. I won't require that he fill out a completely new complaint form. But he should submit a supplement to his existing complaint in which he explains how he has been harmed from the contaminants in the water, what prison employees have done or failed to do to treat his serious medical needs, and which specific prison staff members are responsible for that mistreatment. In the order below I will set a deadline for Aguirre-Hodge to submit that amended complaint. In keeping with

6

this court's accommodations for his medical condition, he may request an extension to that deadline if needed.

ORDER

IT IS ORDERED that:

1. Plaintiff Christian R. Aguirre-Hodge's motions for the court's assistance in recruiting him counsel, Dkt. 26 and Dkt. 32, are DENIED.

2. Plaintiff may have until September 3, 2021, to submit a supplement to his complaint regarding his medical care claims.

Entered August 4, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge